# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELVIN BACHAN, SR., : | |
|     Plaintiff, : | |
| : | |
| v. : | Civ. No. 17-4665 |
| : | |
| NANCY A. BERRYHILL, Acting : | |
| Commissioner of Social Security, : | |
|     Defendant. : | |

## O R D E R

On November 15, 2017, Plaintiff Kelvin Bachan filed this action for review of the Social Security Administration's denial of supplemental social security income and disability benefits. (Doc. No. 5.) On July 25, 2018, Magistrate Judge Richard Lloret issued a Report and Recommendation, advising me to remand this matter to the Commissioner. (Doc. No. 25.) The Commissioner objects and asks me to affirm the Administration's decision. (Doc. No. 26.) I will overrule the Commissioner's objections and adopt Judge Lloret's Report and Recommendation.

**I.    BACKGROUND**

On March 14, 2014, Plaintiff, then 43-years-old, applied for SSI and disability insurance benefits, alleging that he became disabled on August 1, 2013 because of the following impairments: degenerative disc disease of the cervical and lumbar spine, arthritis of the knees, seizure disorder, hypokalemia, hypomagnesemia, alcohol abuse, and gammaglobulin disorder. (Pl.'s Br. & Stat. Issues 2, Doc. No. 20.)

On June 23, 2016, Administrative Law Judge Henry Oliver found that Plaintiff had the following severe impairments: seizure disorder, hypokalemia, hypomagnesemia, alcohol abuse, gammaglobulin disorder, and back and knee arthritis. (R. 19.) The ALJ concluded that Plaintiff was not disabled, however, because his impairments did not meet or medically equal the severity

of a listed impairment. (Id. at 20.) The ALJ determined that Plaintiff had "the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), except that he can lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit 7 hours total, stand or walk one hour total, occasionally balance, stoop, kneel, crouch, crawl, or bend, and never climb ramps, stairs, or ladders." (Id.) The ALJ concluded that because of his sedentary RFC, Plaintiff could not resume his past work as a furniture mover. (Id. at 25.) Relying on a vocational expert, however, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including bench assembler, cashier II, or visual inspector (which have a light exertional level). (Id. at 25–26.) On August 28, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Pl.'s Br. & Stat. Issues 1–2.)

On November 15, 2017, Plaintiff brought this action for review of the Administration's denial of benefits. (Compl., Doc. No. 5.) Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff could perform the light duty occupations named by the vocational expert; and (2) failing to include the need for a sit-stand option as part of his RFC formulation. (Pl.'s Br. & Stat. Issues 4–11.)

On May 21, 2018, I referred this case to Judge Lloret for a Report and Recommendation. (Doc. No. 23.) On July 25, 2018, Judge Lloret recommended that I remand this matter to "resolv[e] an obvious inconsistency between [Plaintiff]'s [RFC] and the requirements of the identified occupations." (Doc. No. 25.) The Commissioner objected, and Plaintiff responded to the Commissioner's Objections. (Doc. Nos. 26, 28.)

## II. LEGAL STANDARDS

I must uphold any factual determination made by the ALJ that is supported by substantial

evidence. 42 U.S.C. § 405(g); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).

I retain plenary review, however, over the ALJ's application of legal principles. Payton v. Barnhart, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995)). Thus, I may overturn the ALJ's decision if it is based upon incorrect legal standards. Id. (citing Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983)).

I must review *de novo* those portions of the Report and Recommendation or specific factual findings to which objection is made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, [the Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the findings and conclusions of the Magistrate Judge to which no objection has been made. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

### III.    DISCUSSION

The Commissioner objects to Judge Lloret's determination that an inconsistency exists between the ALJ's: (1) limiting Plaintiff to sedentary work; and (2) accepting the vocational expert's opinion that Plaintiff could perform light work. (Comm'r's Objs. 1, Doc. No. 26.) The Commissioner argues that "there is no apparent conflict" because "the ALJ made a nuanced RFC finding that spanned [the sedentary and light] exertional levels." (Comm'r's Objs. 2, 4.) The

Commissioner also argues that even if a conflict exists, it is harmless because the vocational expert "considered the specific restrictions in [Plaintiff's] RFC, and opined that, even with those specific restrictions, a person could perform jobs existing in significant numbers in the national economy." (Id. at 1, 2, 6.) I disagree.

As Judge Lloret explained, the ALJ "bears the burden of establishing the existence of jobs in the national economy that an individual with the claimant's impairments is capable of performing." (R. & R. 7); Zirnsak v. Colvin, 777 F.3d 607, 616 (3d Cir. 2014). The ALJ may rely on testimony from a vocational expert to make this determination. Zirnsak, 777 F.3d at 616; Burns v. Barnhart, 312 F.3d 113, 120 (3d Cir. 2002). The ALJ must, however, "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts]" and "other sources of information," including the Department of Labor's Dictionary of Occupational Titles (DOT) and SSA regulations. See Zirnsak, 777 F.3d at 616–17 (citing Rutherford v. Barnhart, 399 F.3d 546, 556 (3d Cir. 2005)). The ALJ must: (1) consider whether the vocational expert's testimony is consistent with other sources; (2) elicit a reasonable explanation for any inconsistencies; and (3) explain how the conflict was resolved. See id. (citing Burns, 312 F.3d at 127). Failure to provide such an explanation warrants remand absent substantial evidence to support the ALJ's decision. See id. (citing Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2004)).

As Judge Lloret observed, there is an "obvious discrepancy" between the vocational expert's opinion that Plaintiff could perform light work and how SSA regulations (and the DOT) define Plaintiff's RFC for sedentary work—particularly regarding "the ability to stand or walk." (R. & R. 9 (citing 20 C.F.R. §§ 404.1567(a) and (b)).) For instance, the vocational expert opined that Plaintiff could perform jobs that may require up to 6 hours of standing, while the ALJ

4

determined (based on the record) that Plaintiff could only stand or walk for one hour. (Id. at 9–10 (citing SSR 83-10.) The ALJ nevertheless adopted the vocational expert's opinion wholesale without explanation and concluded that Plaintiff was not disabled because he could still perform certain jobs requiring light exertion. The Commissioner argues that this decision was "correct" because these jobs were "consistent with [Plaintiff's] lifting and carrying limitation" and that "light jobs exist that may be performed 'sitting most of the time.'" (Comm'r's Objs. 4.) This does not excuse, however, the ALJ's failure to explain why he limited Plaintiff to sedentary work, but relied on testimony that Plaintiff could perform light work to make his disability determination. Nor does substantial evidence clearly support this decision. In these circumstances, I agree that I cannot intelligently review the ALJ's decision and that remand is necessary to "adequately develop the testimony of the vocational expert" and determine whether jobs exist in significant numbers in the national economy that Plaintiff can perform given his specific sedentary RFC. (R. & R. 12.)

In sum, I agree with Judge Lloret's analysis. Accordingly, I will overrule the Commissioner's objection, adopt the Report and Recommendation, remand this matter for further proceedings consistent with the Report and Recommendation, and enter judgment in favor of Plaintiff. An appropriate Judgment follows.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
December 20, 2018　　　　　　　　　　　　　　　　　　　　　　　　Paul S. Diamond